

FILED by ___ D.C.

FEB 2 0 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

QUALITY PROFESSIONAL
HOME CARE, LLC,  and
NORA LLAURADO, pro se

                 **Plaintiff,**

v.

MICHAEL OKERLUND, Secretary,
United States Department of
Health & Human Services, and
KERRY N. WEEMS, Acting Administrator
Center For Medicare & Medicaid Services, an
agency within the United States Department of
Health & Human Services, and
BRUCE HUGHES, Member/Authorized Rep,
TriCenturion, LLC, a Delaware corporation,
and, KERRY ANN CONNOR, President,
Safeguard Services, Inc. a Florida corporation.

                 **Defendants,**

_____/

**CIVIL:**

# 09-20451

## CIV-KING   MAGISTRATE
## BANDSTRA

**COMPLAINT FOR DECLARATORY JUDGMENT AND
INJUNCTIVE RELIEF AND
PETITION FOR WRIT OF MANDAMUS AND/OR OTHER ORDER**

## <u>INTRODUCTION</u>

1. This is an action for declaratory judgment, injunctive relief and writ of mandamus relief pursuant to the failure of Defendants, and others acting under their authority, to respond to Plaintiff in accordance with the laws set forth by Congress and mandated by federal statute: 42 C.F.R. §405.375.

1

2. That Plaintiff is a duly licensed home health care agency certified to receive Medicare reimbursement payments for services rendered to patients qualified under the Medicare program.

3. On December 1, 2008, Defendants suspended Plaintiff's Medicare reimbursement payments pending a review of potential overpayments to Plaintiff pursuant to 42 C.F.R. §405.371(a)(1).

4. In accordance with federal statute §405.372, Plaintiff responded to Defendants' with a Rebuttal Statement and Supporting Documentation refuting the presumptions that premised the Notice of Suspension and justifying the termination of the suspension. These documents were submitted by Plaintiff in accordance with the statutory deadline stated in 42 C.F.R. §405.372.

5. That federal statute §405.375 imposed upon Defendants a well defined time period and established statutory deadline to respond to Plaintiff's rebuttal or that the termination of the suspension will not be delayed beyond the date stated in the notice in order to review the statement. 42 C.F.R. §405.375.

6. Despite the statutory mandate, Defendants failed to respond to Plaintiff within the statutory deadline {or make any response to date} as mandated under 42 C.F.R. §405.375(a).

7. Defendants' failure to respond within the statutory period violates the Code of Federal Regulation: 42 C.F.R. § 405.375.

8. Defendants' failure to respond within the statutory period violates the Administrative Procedure Act, 5 U.S.C. §706(1).

9. That when an agency governed by Administrative Procedure Act fails to meet a statutorily imposed deadline, it has "unlawfully withheld" agency action. 5 U.S.C.A. § 706(1).

10. That once the established statutory deadline for carrying out an agency duty lapses as in the case of the defendants herein, the agency's inaction is the same as if the agency had issued a final order or rule declaring that it would not complete its

legally required duty, in context of the Administrative Procedure Act (APA). 5 U.S.C.A. §§551(13), 706(1).

11. Defendant's failure to respond within the statutory period comprises an agency action that has been "unlawfully withheld" and according to statute "courts must compel agency to act." 5 U.S.C.A. § 706(1).

12. That the United States Code Annotated, statute governing federal question jurisdiction in combination with Administrative Procedure Act (APA), vests Court with jurisdiction to compel agency action that is unreasonably delayed or unlawfully withheld; 28 U.S.C.A. §1331, 5 U.S.C.A. §§ 702, 706(1)

13. That the federal statute upon which Defendant failed to respond clearly states the action to be compelled by the Court in the event of Defendants' failure to respond to Plaintiff's rebuttal statement. 42 C.F.R. § 405.375.

14. That the federal statute upon which Plaintiff seeks relief in this action has been proscribed by Congress, and clearly stated within the statute. 42 C.F.R. § 405.375 (a).

15. Plaintiff seeks declaratory judgment, injunctive relief, and writ of mandamus to remedy the violations complained of herein.

16. Plaintiff specifically seeks that the Court issue a declaratory judgment that Defendants' unlawfully withheld action is a violation of the APA and a Congressionally mandated, non-discretionary statute, and thereby issue an order directing HHS/CMS to comply with the prescribed statutory action and not delay in terminating the suspension.  Plaintiff also seeks a Writ of Mandamus ordering Defendants, in accordance to statute, to termination of the suspension. Plaintiff also seeks an award of costs, including attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d).

## JURISDICTION AND VENUE

17. That this Court has jurisdiction over this action pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 706(1), as well as, 28 U.S.C. § 1331 (federal

3

question), 28 U.S.C. § 1346 (United States as a defendant), and 28 U.S.C. § 1361 (mandamus).

18. That the relief requested is specifically authorized pursuant to 28 U.S.C. § 1651 (writs), 28 U.S.C. § 2201 (declaratory relief), 28 U.S.C. § 2202 (further relief), 28 U.S.C. § 2412 (costs and fees) and 28 U.S.C. § 1361 (mandamus). Plaintiff has the right to bring this action pursuant to the APA, 5 U.S.C. §§ 701-706.

19. That venue is proper pursuant to 28 U.S.C. § 1391(e) because a defendant resides in this district, and a substantial part of the event and omissions which gave rise to this action occurred in this district, and that the Plaintiff resides in the district to which no real property is involved.

20. That judicial review is appropriate under the Administrative Procedure Act (APA) requiring courts to compel unlawfully withheld agency action. 5 U.S.C. § 706(1)

21. That the statute governing federal question jurisdiction, in combination with Administrative Procedure Act (APA), vests this Court with jurisdiction to compel an agency action that is unreasonably delayed or unlawfully withheld. 5 U.S.C.A. §§ 702, 706(1); 28 U.S.C.A. §1331.

22. That the proper recourse for a party aggrieved by delay that violates a statutory deadline is to apply for a Court order compelling agency action 5 U.S.C.A. § 551 et seq.

23. That Plaintiff seeks a declaration of rights pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

24. That Plaintiff has a right to bring this action pursuant to the APA, 5 U.S.C. § 701-706.

25. That venue is proper in this district pursuant to 28 U.S.C. § 1391.

26. That the Plaintiff states the aforementioned in identifying statutory provisions mandating agency action, and establishing a right of review for this Honorable Court to review unlawfully withheld agency action.

4

## **PARTIES**

27. Plaintiff, QUALITY PROFESSIONAL HOME CARE, INC, is a Florida corporation duly authorized under the Division of Corporations, State of Florida, document number P03000095200, incorporated August 29th 2003, with a business address at 10300 Sunset Drive, Bldg 100, Suite 157, Miami, Florida.

28. Plaintiff, QUALITY PROFESSIONAL HOME CARE, INC, is a Medicare/Medicaid Certified Home Health Agency, licensed by the State of Florida, Agency For Health Care Administration, Division of Health Quality Assurance, and has complied with the rules and regulations adopted by the State of Florida and Health & Human Services (HHS), Center for Medicare & Medicaid Services (CMS). (See Exhibit 1).

29. Plaintiff, NORA LLAURADO, pro se, is the owner and president of QUALITY PROFESSIONAL HOME CARE, INC, and duly licensed under the Medicare/ Medicaid Certified Home Health Agency, Licensed by the State of Florida, Agency For Health Care Administration, Division of Health Quality Assurance.

30. Defendant, MICHAEL OKERLUND LEAVITT, or the department's newly authorized appointee, in his official capacity, is the Secretary of the United States Department of Health and Human Services (HHS), the governmental agency which contains the Centers for Medicare & Medicaid Services, the agency within HHS that is responsible for administration of the Medicare and Medicaid programs.

31. Defendant, KERRY N. WEEMS, or the agency's newly authorized appointee, in her official capacity, is the acting Administrator of the Centers for Medicare and Medicaid Services (CMS), the governmental agency within HHS that is responsible for administering the Medicare and Medicaid programs.

32. Defendant, BRUCE W. HUGHES, in his official capacity, is a member and authorized representative of TriCenturion, Inc, with its registered agent, NRAI Services, Inc, a Florida corporation. TriCenturion maintains a business address in the State of Florida at 34650 US Highway 19, Suite 104, Palm Harbor, Florida. TtiCenturion is a Delaware corporation duly registered as a foreign corporation under the Division of Corporations, State of Florida, document number M02000003392, incorporated in Delaware document number 2133835. TriCenturion is a program safeguard contractor under contract with CMS to perform selected Medicare program integrity functions including medical policy development, investigations, prepay and post-pay medical review of claims, and data analysis.

33. Defendant, KERRY ANN CONNOR, in her official capacity, is President and registered agent of Safeguard Services, Inc, a Florida corporation. Safeguard Services maintains a business address in the State of Florida at 911 Poinciana Drive, Pembroke Pines, Florida. The company is a Florida corporation duly registered under the Division of Corporations, State of Florida, document number 387339. Safeguard Services is a program safeguard contractor under contract with CMS to perform selected Medicare program integrity functions including medical policy development, investigations, prepay and post-pay medical review of claims, and data analysis.

34. The term "Defendants" (also referred herein as "agency") refers to all the Defendants collectively or that specific Defendant responsible for withholding agency action.

## STATEMENT OF FACTS

35. Quality Professional Health Care, Inc. (Quality Professional) is a health care agency providing health care services to the South Florida area that include; but are not limited to, Skilled Nursing, Home Health Aide Services, Physical Therapy, Speech-Language Pathology, Occupational Therapy, Medical Social Services, Routine and Non-Routine Medical Supplies.

36. Quality Professional was incorporate in the State of Florida in August 29, 2003, and certified by the State of Florida, Agency for Health Care Administration, Division of Health Quality Assurance, Medicare/Medicaid Certified, Home Health Agency Licensed on March 31, 2007, having complied with rules and regulations

6

adopted by the State of Florida, Agency for Health Car Administration, authorized in Chapter 400, Part III, Florida Statutes.

37. That Quality Professional provides home health care services to the South Florida area, and that the majority of its patients are not self-insured and are only able to pay for health care services through the Medicare program.

38. That these health care services include skilled nursing, home health aide services, physical therapy, speech-language pathology, occupational therapy, medical social services, routine and non-routine medical supplies.

39. That as a matter of course Quality Professional would be referred patients from licensed physicians, these patients would then go through an intake process, upon which their Medicare qualification would be confirmed. Then, a licensed nurse would be sent to visit the patient and do an evaluation pursuant to the physician's order. A Plan Of Care (POC) would be prepared by the physician, and the agency would thereafter provide the designated health care services on 60 day episode periods.

40. The agency would then receive a partial payment for services to be rendered (approx. 20%) and would receive the balance of the payment thirty to sixty days following end of the treatment (episode) period. The episode period is preset by Medicare at 60 days, and the balance of payment for services rendered would be received thirty to sixty days after the end of the episode period. Therefore, a substantial portion of the fees due Plaintiff for services rendered would be paid one to two months after the end of treatment. This reimbursement policy by Medicare results in a large portion of Medicare payments being paid in arrears.

41. In December 2008, Quality Professional received a letter from TriCenturion entitled, "Notice of Suspension of Medicare Payments to Provider Number 10-8405 notifying the company that as of December 1, 2008, Medicare payments to Quality Professional have been suspended, and stated rights and procedures pursuant to this suspension.

42. That the Notice Of Suspension stated that pursuant to 42 C.F.R. §405.372(b)(2), Quality Professional has the right to submit a rebuttal statement with supporting documentation addressing why the suspension should be removed.

43. That the Notice of Suspension additionally stated that, "upon receipt of the rebuttal statement and any supporting evidence, it will be determined within fifteen (15) days whether the facts justify Termination of the suspension per 42 C.F.R. § 405.375(a). We will send you separate written notice of the determination to either continue or terminate the suspension" and that states specific findings. 42 C.F.R. § 405.375(b)(2).

44. That Plaintiff submitted a timely rebuttal statement and supporting documentation justifying the termination of the suspension in accordance to the agency's letter and as required by statute. 42 C.F.R. § 405.372(b)(2).

45. That Defendant failed to timely respond to Plaintiff within the statutory period as proscribed by Congress and in accordance to 42 C.F.R. § 405.375(a).

46. That Plaintiff by and through its counsel has made several inquiries as to the status of the matter. Plaintiff has received no response.

47. On January 27, 2009, Plaintiff's counsel sent express written notification to TriCenturion that the statutory period for the agency's response had expired. (See Exhibit 2)

48. That Plaintiff by and through its counsel has sent written correspondence apprising Defendant of its failure to respond and the consequences and remedial action required according to statute. Plaintiff has received no response.

49. As of the date of this Complaint, Defendant has failed to make any response to Plaintiff's rebuttal as required by 42 C.F.R. § 405.375(a).

50. That 42 C.F.R. § 405.375 states a clear and nondiscriminatory, ministerial action, and that this Court has the power to compel Defendant to act in accordance to statute.

51. That the Mandamus Act vest district courts with original jurisdictional over any action in the nature of mandamus to compel an officer or any employee of the United States or any agency thereof to perform a duty owed to the plaintiffs. 28 U.S.C.A. § 1361.

# RELEVANT FEDERAL LAW

52. The following provides a summary of some, but not all of the relevant law:

53. **42 CFR § 405.375:** 42 C.F.R. (Code of Federal Regulations) Title 42: Public Health, Chapter IV – Center For Medicare and Medicaid Services, Department of Health and Human Services, Subchapter B – Medicare Program, Part 405, subpart c, §405.375 – Proceeding For Suspension of Payment:

> " If the provider or supplier submits a statement, under 405.374, as to why a suspension of payment, offset, or recoupment should not be put into effect, or, under 405.372(b)(2), why a suspension should be terminated, CMS, the intermediary, or carrier must within 15 days, from the date the statement is received, consider the statement (including any pertinent evidence submitted), together with any other material bearing upon the case, and determine whether the facts justify the suspension, offset, or recoupment or, if already initiated, justify the termination of the suspension, offset, or recoupment. Suspension, offset, or recoupment is not delayed beyond the date stated in the notice in order to review the statement."

54. **The Administrative Procedure Act, 5 U.S.C. § 701 – 708:** United States Code, Title 5 – Government Organization and Employees, Part I – The Agencies Generally, Chapter 7 –Judicial Review:

> "To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall - (1) compel agency action unlawfully withheld or unreasonably delayed; and..." 5 U.S.C. § 706(1), Scope of Review.

55. **Butte Environmental Council v. White, 145 F Supp. 2d Series 1180 (E.D.Cal.2001):** When agency governed by Administrative procedure Act (APA) fails to meet statutorily imposed deadline, it has unlawfully withheld agency action and courts, upon proper application, must compel agency to act.

56. **Southern Utah Wilderness Alliance v. Norton, 301 F. 3d 1217 (10th Cir 2002):** Once the agency's delay in carrying out the action becomes unreasonable, or once the established statutory deadline for carrying out that duty lapses, the agency's inaction under these circumstances is, in essence, the same as if the agency had issued a final order or rule declaring that it would not complete its legally required duty, in context of Administrative Procedures Act (APA).

57. **Oregon Natural Desert Ass'n v. Forest Service, 301 F. 3d 1217 (10th Cir 2002):** Once a court determines that an agency unlawfully withheld action, the administrative Procedure Act (APA) requires that courts compel agency action.

58. **San Francisco Baykeeper, Inc. v. Browner, 147 F. Supp. 2d 991 (N.D.Cal.2001):** Agency action is "unlawfully withheld" as would give reviewing court jurisdiction to compel agency action, if agency fails to meet clear deadline prescribed by Congress.

59. **Pennsylvania Mun. Authorities Ass'n v. Horinko, 292 F. Supp. 2d 95 (D.D.C.2003):** Administrative Procedure Act (APA) provision that reviewing court shall compel agency action unlawfully withheld or unreasonably delayed governs appropriate scope and standard of review for agency action, not judicial review.

60. **Nation v. Dalton, 107 F. Supp. 2d 37 (D.D.C.2000):** the proper recourse for a party aggrieved by delay that violates a statutory deadline is to apply for a court order compelling agency action.

61. **Forest Guardians v. Babbitt, 174 F. 3d (10th Cir. 1999):** "If, after studying the statute and its legislative history, the court determines that the defendant official has failed to discharge a duty which Congress intended him to perform, the court should compel performance, thus effectuating the congressional purpose."

Also, stating: "Mandamus relief is an appropriate remedy to compel an administrative agency to act where it has failed to perform a nondiscretionary, ministerial duty. Administrative agencies do not possess the discretion to avoid discharging the duties that Congress intended them to perform."

62. **Lopez v. Henry Phipps Plaza South, Inc. 937 F. 2d 498 (10th Cir. 1991):** Mandamus relief is an appropriate remedy to compel an administrative agency to

act where it had failed to perform a nondiscretionary, ministerial duty. "Ministerial" is defined as an act that a person after ascertaining the existence of a specific state of facts performs in obedience to a mandate of legal authority without the exercise of personal judgment upon the proprietary of the act and usually without discretion in its performance.

## CAUSE OF ACTION

### Count I – Violation of 42 C.F.R. § 405.375

63. Plaintiff incorporates all allegations contained paragraphs 1 through 60, *supra*.

64. Pursuant to 42 C.F.R. § 405.372(b)(2),  Plaintiff submitted a timely rebuttal in accordance to the statutory mandate and agency's Notice of Suspension dated December 1, 2008.

65. Pursuant to 42 C.F.R. § 405.375, Defendants failed to respond to Plaintiff's rebuttal statement/supporting documentation refuting the presumptions in the Notice of Suspension and justifying the termination of the suspension within the statutory deadline.

66. As of this date, Defendants have failed to make any response to Plaintiff in accordance with § 405.375, and has failed to terminate the suspension as stated in the statute in the event that no response to the rebuttal statement is made by the agency/Defendants.

67. That 42 C.F.R. § 405.375 – *Time Limits For, And Notification Of, Administrative Determination After Receipt of Rebuttal Statement*, specifically states that "CMS, the intermediary, or carrier **must** within 15 days, from the date the statement is received, consider the statement (including any pertinent evidence submitted), together with any other material bearing upon the case, and determine whether the facts justify the … termination of the suspension, offset, recoupment." *{emphasis added}*

68. Furthermore and most importantly, 42 C.F.R. § 405.375 – *Time Limits For, And Notification Of, Administrative Determination After Receipt of Rebuttal Statement*,

11

states that in the absence of the agency's mandatory determination within 15 days from date the rebuttal statement determining whether the facts justify the termination of the suspension, that the termination of the suspension, offset, or recoupment is not delayed beyond the date stated in the notice in order to review the statement.

69. That the time period for the agency to determine and respond to Plaintiff as to whether the facts justify the termination is clearly stated in the statute and mandated by Congress.

70. That the time period for the agency to determine and respond to Plaintiff as to whether the facts justify the termination of the suspension is not subject to interpretation, and Defendant's failure to meet this deadline is in direct violation of the statute.

71. That the established statutory deadline for the agency to determine and respond to Plaintiff as to whether the facts justify the termination of the suspension does not constitute a discretionary agency action.

72. That the established statutory deadline for the agency to determine and respond to Plaintiff as to whether the facts justify the termination of the suspension is ministerial.

73. That the Defendants' failure to meet the established statutory deadline and failure to in anyway respond to Plaintiff, despite numerous attempts, is recalcitrant in the face of a clear statutory duty imposed by Congress and proclaimed to Plaintiff in Defendants' own Notice of Suspension setting forth the rules governing the initiation and removal of the suspension process.

74. That the Defendant's recalcitrant action is further demonstrated by its unwillingness to respond to subsequent inquiries as to status by Plaintiff's counsel, even after the statutory deadline had expired.

75. That the Defendants' failure to meet the established statutory deadline to respond to Plaintiff as to whether the facts justify the termination of the suspension does not constitute a discretionary agency action, but amounts to an abdication of statutory responsibility on the part of the Defendants.

76. That the Defendants' failure to meet the established statutory deadline to respond to Plaintiff is a lapse of duty on behalf of the Defendants, and the Defendants' inaction under these circumstances is the same as if the Defendant has issued a final order or rule declaring that it would not complete its legally required duty.

77. That the Defendants' failure to meet the established statutory deadline to respond to Plaintiff constitutes an agency failure to carry out a mandatory, nondiscretionary duty.

78. That the Defendants' duty to act herein was not governed by a general timing provision, but rather by a statutorily imposed absolute deadline, and subsequently the failure by Defendants to remove the suspension, in accordance to statute, is the clearest example of an "unlawfully withheld" agency action.

79. That the statutory language stating a specific number of days for the Defendants to act demonstrates substantially conclusive evidence that Congress intended to impose a deadline upon which the termination of the suspension "is not to be delayed beyond that date." 42 C.F.R. § 405.375.

80. That the statutory language in 42 C.F.R. § 405.375 states a clear and definable point in time that Congress intended the suspension not be extended beyond, in the absence of a response referred to in the statute: as depicted in the wording "beyond that date." This clearly identifiable and knowable point in time is, according to the statute, fifteen days (15) from the "date the statement is received" {the term "statement" referring herein to the "rebuttal statement" provided by Plaintiff}.

81. That Plaintiff mailed its rebuttal statement and supporting documentation to Defendants via United States Post Mail, register return receipt requested, on January 7, 2009. (See Exhibit 3).

82. That the Defendants had 15 days from the date of receipt, January 7, 2009, to respond to the rebuttal statement and supporting documentation; and according to statute, its failure to do so requires that the suspension be terminated without delay.

83. That this Honorable Court has the power to compel agency action that has been unlawfully withheld or unreasonably delayed and constitutes final agency action. Butte Environmental Council v. White, 145 F Supp. 2d Series 1180

(E.D.Cal.2001,) and Southern Utah Wilderness Alliance v. Norton, 301 F. 3d 1217 (10th Cir 2002).

84. That the proper recourse for Plaintiff aggrieved by delay that violates a statutory deadline regarding the unlawful withholding of agency action is to apply for a court order compelling agency action.

85. That the Defendants had an established statutory duty to act.

86. That the Defendants failed to act and meet a clear deadline prescribed by Congress.

87. That the Plaintiff has suffered a legal wrong and an injury falling within the zone of interest sought to be protected by the statute upon which this Complaint is based. Moreover, this injury suffered by Plaintiff is directly connected to failure of Defendants to act, and that the injury can only be redressed by an order requiring the Defendants to lift the suspension in accordance to the established statutory mandate prescribed by Congress.

88. That Plaintiff suffered irreparable injury by reason of Defendants' actions complained of herein. Plaintiff's business is at economic risk as a result of such unlawfully withheld actions by Plaintiff, and its patients are at risk of not receiving necessary care or having a lapse in health care services during a transition period.

89. That Plaintiff has no adequate remedy at law, and has exhausted all other remedies before filing this Complaint and petitioning this Honorable Court for relief.

90. That Plaintiff has a clear right to the relief sought, and there is no other adequate remedy available to correct this unlawfully withheld agency action as it pertains to Plaintiff.

91. That the Defendants have a "plainly defined" and "nondiscretionary duty" to provide the relief which Plaintiff seeks.

92. That this Honorable Court has the authority and jurisdiction to compel agency action, and that administrative agencies, such as that comprising the Defendants

herein, do not possess the discretion to avoid discharging the duties that Congress intended them to perform.

93. That this delay is unlawfully and additionally unreasonable in light of the extreme economic harm, social harm, and potential threat it poses to the future viability of Plaintiff's business, its patients, and health care practitioners absent the adherence to the statutorily established actions required to be taken by Defendants as mandated by Congress and set forth in the statute. 42 C.F.R. § 405.375.

94. That the statute governing Defendants' inaction herein, does not simply state that the Defendants were required to act, but also that Defendants were required to take a particular action and failed to do so. Defendants were required to respond to Plaintiff's rebuttal statements and supporting documentation justifying the termination of the suspension before the established statutory deadline, Defendants' failure to do so required Defendants to "not delay beyond the date stated in the notice in order to review the statement" to terminate the suspension, offset or recoupment. 42 C.F.R. § 405.375, and Norton v. Southern Utah Wilderness (SUWA), 542 U.S. 55 (2004).

95. That Plaintiff is requesting relief that is prescribed in the statute in the event that the agency/Defendants fail to respond. 42 C.F.R. § 405.375.

96. That Plaintiff is requesting relief that is nondiscretionary and plainly prescribed by Congress. 28 U.S.C.A.§ 1361.

97. That Plaintiff is requesting relief that is clear and certain. 28 U.S.C.A.§ 1361.

98. That Plaintiff is requesting relief that is ministerial. 28 U.S.C.A. § 1361.

99. That Plaintiff is requesting relief that is free from doubt and that no other remedy is available. 28 U.S.C.A.§ 1361.

100. That Plaintiff acknowledges this is a special situation in which Defendants have failed to act and "unlawfully withheld" established statutory action in disregard of a clear legal duty. In re City of Fall River, 470 F 3d at 32. See also Pittson Coal Group v. Sebben, 488 U.S. 105, 121,109 S.Ct.414, 102 L.Ed.2d 408 (1988).

101.     That although there are differences in the applicable tests, a claim seeking mandamus under the Mandamus and Venue Act (MVA) is "in essence" the same as a claim for relief under the APA. <u>Independence Mining Co., Inc. v. Babbitt</u>, 105 F.3d 502, 507 (9th Cir. 1997).

100.  Plaintiff is entitled to its reasonable fess, costs, and expenses associated with this litigation pursuant to the Equal Access to Justice Act, 28U.S.C. § 2412.

## <u>RELIEF REQUESTED</u>

**WHEREFORE**, the Plaintiff respectfully requests that this Court grant:

**Declaratory Relief:**

101. Find and Declare that Defendants have violated U.S.C. 706(1) by unlawfully withholding agency action required under 42 C.F.R. 405.375;

100. Find and Declare that Defendants have violated 42 C.F.R. 405.375 by failing to respond to Plaintiff, and follow established statutory mandate to not delay in terminating the suspension imposed against Plaintiff;

**Injunctive Relief:**

101. Grant Plaintiff injunctive relief to compel Defendant to comply with statute and terminate the suspension in accordance to 42 C.F.R. 405.375;

**Writ of Mandamus:**

102. Require the Defendants by Writ of Mandamus to follow the plainly defined and Clearly established statutory mandate and terminate the suspension without delay;

**General Relief:**

16

103. Retaining jurisdiction of this action to ensure compliance with the Court's decree;

104. Award to Plaintiff its costs, expenses, expert witness fees, and reasonable attorney fees under applicable law; and

105. Grant Plaintiff such further relief as may be just, proper and equitable.


DATED February 16, 2009


Respectfully Submitted,


Nora Llaurado, pro se
Quality Professional Home Care
10300 Sunset Drive, Bldg 100,
Suite 157 Miami, Florida
Tel: 305.562.4981

**JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

QUALITY PROFESSIONAL HOME CARE, LLC
LLAURADO, NORA, pro se

**DEFENDANTS**

US DEPT. HEALTH HUMAN SERVICES
OKERLUND, MICHAEL, Secretary, *et al*

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   District Columbia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

FEB 20 2009
STEVEN M.
CLERK
S.D. OF FLA.

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

Venue: Miami Dade

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Dade 09CV 20451 - King/Bandstra

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**   (See instructions second page):

a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO

JUDGE                          DOCKET NUMBER

**VII. CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

42 CFR 405.375, 5 USC 706 : Defendants have failed to satisfy statutory deadline and unlawfully withheld agency action as clearly prescribe by statute.

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD                          DATE

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 995554
02/20/09