UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20451-CIV-KING

QUALITY PROFESSIONAL HOME CARE, LLC, and
NORA LLAURADO,

     Plaintiff,

v.

UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES,
CENTER FOR MEDICARE & MEDICAID SERVICES,
BRUCE HUGHES, and
KERRY ANN CONNOR

     Defendants.
_____/

### ORDER DENYING "MOTION FOR LIMITED APPEARANCE, CONSENT TO DESIGNATION AND REQUEST TO ELECTRONICALLY RECEIVE NOTICES OF ELECTRONIC FILINGS" WITHOUT PREJUDICE

THIS CAUSE comes before the Court upon Marko Cerenko, Esquire's ("local counsel") "Motion for Limited Appearance, Consent to Designation and Request to Electronically Receive Notices of Electronic Filings" (D.E. #9), filed on behalf of Chad Altieri, Esquire ("PHV attorney") on April 9, 2009.

After said Motion was filed, the undersigned received an email (see attached) from the Clerk's Office, in which they provided, *inter alia*, the following information concerning this particular request:

> "I have been asked to notify judges when an attorney has filed motions to appear *pro hac vice* in three or more cases, if they have not provided the required certification, or if ther [sic] designated local counsel is not

authorized to file through the Court's electronic filing system.

**Please be advised that the PHV attorney practices and resides in this District. He's been a member of The Florida Bar since 2007, and he just registered to take the SDFL attorney admissions exam on April 24, 2009. In addition, the PHV attorney did not provide the signed certification stating that he has read and studied the local rules nor did local counsel certify in their motion that the phv attorney has studied the local rules as required by the Local Rules. Thank you."**

Thus, due to these deficiencies with said Motion, the undersigned concludes that such should be denied without prejudice to reasserting in a manner that resolves these deficiencies.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that local counsel's "Motion for Limited Appearance, Consent to Designation and Request to Electronically Receive Notices of Electron Filings" (D.E. #9) filed on behalf of PHV attorney be, and the same is hereby, **DENIED WITHOUT PREJUDICE to reasserting in a manner that complies with the above-quoted requirements (as outlined by the Clerk's Office).**

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 13th day of April, 2009.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **_Counsel for Plaintiffs_**

    **Chad Altieri**
    Altieri & Associates
    28th Floor Morningside
    201 S Biscayne Boulevard
    Miami , FL 33131

    **Marko Cerenko**
    1330 West Avenue
    Suite 2312
    Miami , FL 33139



**Catherine Wade**/FLSD/11/USCOURTS
04/09/2009 11:18 AM

To  Mark Hill/FLSD/11/USCOURTS@USCOURTS, Todd Allison/FLSD/11/USCOURTS@USCOURTS
cc
bcc
Subject  Case #09-20451-CIV-King   Motion to Appear Pro Hac Vice

Good morning.  As you know, amendments to the Local Rules pertaining to attorney admission went into effect on April 15, 2007.   There were changes to *pro hac vice* admission which I have attached below.

RULE 4. APPEARANCES
A.  Who May Appear Generally. Except when a limited appearance is permitted by the Court, only members of the bar of this Court may appear as attorneys in the Courts of this District.  **Attorneys residing and practicing within this District are expected to be members of the bar of this Court.**

B. Limited Appearance.
1. Any attorney who is a member in good standing of the bar of any United States Court, or of the highest Court of any State or Territory or Insular Possession of the United States, but is not admitted to practice in the Southern District of Florida may, upon written application filed by counsel admitted to practice in this District, be permitted to appear and participate in a particular case. **A certification that the applicant has studied the local rules shall accompany application together with such appearance fee as may be required by administrative order.** If granted, such limited appearance shall not constitute formal admission or authorize the attorney to file documents via CM/ECF.

2. Lawyers who are not members of the bar of this Court shall not be permitted to engage in general practice in this District.  For purposes of this rule, more than three appearances within a 365-day period in separate representations before the Courts of this District shall be presumed to be a "general practice." Upon written motion and for good cause shown the Court may waive or modify this prohibition.

3. The application shall designate a member of the bar of this Court, who maintains an office in this State for the practice of law and who is authorized to file through the Court's electronic filing system, with whom the Court and opposing counsel may readily communicate regarding the conduct of the case, upon whom filings shall be served, and who shall be required to electronically file all documents and things that may be filed electronically, and who shall be responsible for filing documents in compliance with the CM/ECF Administrative Procedures. See Section 2B of the CM/ECF Administrative Procedures. The application must be accompanied by a written statement consenting to the designation, and the address and telephone number of the named designee. Upon written motion and for good cause shown the Court may waive or modify the requirements of such designation.

Due to this change in the *pro hac vice* admission, I have been asked to notify judges when an attorney has filed motions to appear *pro hac vice* in three or more cases, if they have not provided the required certification, or if ther designated local counsel is not authorized to file through the Court's electronic filing system.

**Please be advised that the PHV attorney practices and resides in this District.  He's been a member of The Florida Bar since 2007, and he just registered to take the SDFL attorney admissions exam on April 24, 2009.  In addition, the PHV attorney did not provide the signed certification stating that he has read and studied the local rules nor did local counsel certify in their motion that the phv attorney has studied the local rules as required by the Local Rules.  Thank you.**

*Catherine Wade-Babyak*
*Executive Services Administrator*
*United States District Court, Clerk's Office*
*400 North Miami Avenue, Room 8N09*

*Miami, Florida  33128-7716*
*(305) 523-5015    Fax:  (305) 523-5009*
*Email:  Catherine_Wade@flsd.uscourts.gov*

 **Consider the environment before printing this e-mail. Think Green.**